USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

STRIKE 3 HOLDINGS, LLC,

                      Plaintiff,                      **21-CV-10092 (AJN) (KHP)**

           -against-                     **MEMORANDUM ORDER**

JOHN DOE, *subscriber assigned IP address*
*207.237.93.111*,

                      Defendant.
------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

In this copyright infringement case, Plaintiff Strike 3 Holdings, LLC ("Strike 3") moves *ex parte* for leave to serve a third-party subpoena on the internet service provider of Defendant John Doe, pursuant to Rule 26(d)(1) of the Federal Rules of Civil Procedure. Plaintiff seeks discovery prior to a Rule 26(f) conference in order to ascertain Defendant's identity. For the reasons set forth below, Plaintiff's motion is GRANTED.

## BACKGROUND

Strike 3 is the copyright owner of certain "adult motion pictures." (ECF No. 1 ("Comp.") ¶ 2.) It contends that Defendant, through the BitTorrent file distribution network, illegally downloaded and distributed its copyrighted motion pictures. (*Id.* ¶¶ 20-46.) On November 26, 2021, Strike 3 filed a complaint against Defendant, and, on December 6, 2021, this case was referred to the undersigned for general pre-trial supervision. (ECF No. 8.)

Strike 3 has identified Defendant only through his or her IP address. (Compl. ¶ 5.) Therefore, on December 4, 2021, it moved for leave to serve a subpoena on RCN, an Internet

Service Provider ("ISP") to identify Defendant by correlating the IP address with John Doe's identity.  (Compl. ¶ 5.)

## LEGAL STANDARD

Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."  Courts in such circumstances "apply a 'flexible standard of reasonableness and good cause.'" *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 520 (S.D.N.Y. 2019) (quoting *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)).  The "principal factors" that courts consider when deciding whether expedited discovery is appropriate include: "(1) the plaintiff's ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the [d]efendant's expectation of privacy."  *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010).

Strike 3 has brought thousands of cases exactly like this one in courts around the country over the last several years.  In the vast majority of these cases, courts have granted motions just like the one currently pending before this Court.

## ANALYSIS

In this case, all five of the "principal factors" referenced above weight in favor of granting Strike 3's motion.  First, Strike 3 has made out a *prima facie* showing of infringement. "To prove a claim of copyright infringement, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." *Urbont v. Sony*

2

*Music Entertainment*, 831 F.3d 80, 88 (2d Cir. 2016).  In its complaint, Strike 3 adequately describes its original, copyrighted works and provides a detailed analysis of how Defendant copied those works along with the exact date and time of the alleged infringements.  (*See, e.g.* Comp. ¶¶ 44-47; Ex. A.)

Second, Strike 3 apparently intends to limit the scope of the contemplated subpoena to the name and address of Defendant, which previous courts in similar cases involving the same Plaintiff have found "is a limited and highly specific set of facts."  *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-5586 (LAK) (KNF), 2018 U.S. Dist. LEXIS 180062, 2018 WL 5818100, at *1 (S.D.N.Y. Oct. 15, 2018).  Moreover, "[m]ore specific information about Defendant, other than the requested identifying information, is not necessary at this stage of the litigation." *Strike 3 Holdings, LLC v. Doe*, No. 19-cv-5818 (AT) (JLC), 2019 U.S. Dist. LEXIS 185309, 2019 WL 5459693, at *3 (S.D.N.Y. Oct. 9, 2019).  "[T]he subpoenaed information is only needed to advance Plaintiff *to* the service of process stage, and is sufficiently specific to accomplish that end." *Id.* (emphasis in original).

Third, Strike 3 has contended that a third-party subpoena is the only method by which it can ascertain Defendant's identity.  (Compl. ¶15.)  The Court notes that "BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address." *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)).  Furthermore, it appears that RCN is the only entity that can use Defendant's IP address to ascertain Defendant's identity.  Thus, Strike 3 has established that it can only obtain Defendant's information through the contemplated subpoena.

3

Fourth, Strike 3 has adequately asserted that without the requested subpoena, it will be unable to serve Defendant and will be unable to pursue further litigation.  Strike 3 also maintains that expedited discovery is necessary as some ISP records may be stored only briefly before being purged.  (ECF No. 6.)

Finally, while being identified as a defendant in a case such as this one, which involves the viewing and dissemination of adult movies, may cause embarrassment, "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material."  *Malibu Media, LLC v. John Does 1-11*, No. 12-CV-3810 (ER), 2013 U.S. Dist. LEXIS 99332, 2013 WL 3732839, at *6 (S.D.N.Y. July 16, 2013) (citing *Arista*, 604 F.3d at 118).  Furthermore, some of Defendant's potential privacy concerns will be alleviated by the protective order, discussed in more detail below.

As each of these factors weighs in favor of Plaintiff, the Court concludes that Plaintiff is entitled to serve a subpoena on RCN in order to ascertain Defendant's identity.  However, as is the Court's practice in these sorts of cases, the Court also concludes that there is good cause to issue a protective order in connection with this subpoena.  *See Digital Sin, Inc. v. Doe*, 279 F.R.D. at 242-43.  Such a protective order is appropriate in light of the substantial risk for false positive identifications that could result in "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).

## CONCLUSION

**IT IS HEREBY ORDERED** that Strike 3 may immediately serve a Rule 45 subpoena on RCN, the ISP identified in its motion, to obtain information to identify John Doe, specifically his or her

4

true name and current and permanent address.  Plaintiff is expressly *not* permitted to subpoena the ISP for John Doe's email addresses or telephone numbers.  The subpoena shall have a copy of this order attached, along with the attached "Notice to Defendant."

**IT IS FURTHER ORDERED** that RCN will have *60 days* from the date of service of the Rule 45 subpoena upon them to serve John Doe with a copy of the subpoena, a copy of this order, and a copy of the "Notice to Defendant."  *The order should be attached to the "Notice to Defendants" such that the "Notice to Defendant" is the first page of the materials enclosed with the subpoena*.  RCN may serve John Doe using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that John Doe shall have *60 days* from the date of service of the Rule 45 subpoena and this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously.  RCN may *not* turn over John Doe's identifying information to Strike 3 before the expiration of this 60-day period.  Additionally, if John Doe or RCN files a motion to quash the subpoena, RCN may not turn over any information to Strike 3 until the issues have been addressed and the Court issues an Order instructing RCN to resume in turning over the requested discovery.

**IT IS FURTHER ORDERED** that if that 60-day period lapses without John Doe or RCN contesting the subpoena, RCN shall have *10 days* to produce the information responsive to the subpoena to Plaintiff.  John Doe, should he or she move to quash the subpoena or to proceed

anonymously, shall at the same time as his or her filing also notify RCN so that it is on notice not to release any of John Doe's contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS FURTHER ORDERED** that RCN shall confer with Strike 3 and shall not assess any charge in advance of providing the information requested in the subpoena. Should RCN elect to charge for the costs of production, it shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that Strike 3 shall serve a copy of this Memorandum Order along with any subpoenas issued pursuant to this order to RCN.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Strike 3 in response to a Rule 45 subpoena may be used by Strike 3 solely for the purpose of protecting Strike 3's rights as set forth in its complaint.

    **SO ORDERED.**

DATED:   New York, New York
         December 6, 2021

_____
KATHARINE H. PARKER
United States Magistrate Judge